IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLSWORTH PENDLETON, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. 3:CV-06-2170 |
| vs. | : |
| | : (JUDGE CAPUTO) |
| NEPA COMMUNITY FEDERAL CREDIT UNION & BOARD OF DIRECTORS, ET AL., | : |
| Defendants. | : |

**MEMORANDUM**

Before me is Plaintiff's motion for the appointment of counsel. (Doc. 14.) Because there is no arguable merit to the Plaintiff's claim, the motion for appointment of counsel will be denied.

Plaintiff's complaint indicates his claim arises under the Fourteenth Amendment to the United States Constitution (equal protection clause) and 18 U.S.C. §§ 241, 242, various sections of the Pennsylvania Constitution, 13 Pa.C.S. 9-102(b)(i) and 42 U.S.C. § 1981.

His first cause of action alleges he filed a "Commercial claim tort claim pursuant to 13 Pa..C.S. (sic) article 9-102 (b)(i)" against Defendants NEPA Community Federal Credit Union & Oakview Terrace Condo Association & Board of Directors with the Secretary of State Commonwealth of Pennsylvania and "this tort was committed in the course of my business and profession." (Doc. 1, ¶ 1). He alleges he sent a "certified copy of our Commercial Affidavit to defendants twice and defendants failed to respond." (Doc. 1, ¶ 2). He then alleges that by not answering the commercial affidavit, the Defendants are in default. (Doc. 1, ¶ 3). He alleges his

"Commercial tort and Constitutional tort claim has been derailed by the 43 judicial district of Monroe County with unconstitutional, and bias orders of Judge Jerome Cheslock." (Doc. 1, ¶ 4).

The Second Cause of Action alleges that the Defendants, with the exception of the Secretary of State of the Commonwealth of Pennsylvania, "conspired with two or more persons to oppress, threaten and intimidated [sic] us for our enforcement of our constitutional rights. We have alleged this in violation of Title 18 U.S.C. 241." (Doc. 1 - Second Cause of Action, ¶1). He next alleges "[w]e have a commercial lien against two of the defendants 20041143878 which needs to be reduced to judgement (sic) whereas, the Courts of the Commonwealth we allege has (sic) been rendering unconstitutional decisions such as expunging our commercial liens we allege no Judge, court, or government can invalidate our Affidavits we have submitted regarding our Commercial liens. We believe and allege our Commonwealth Constitutional rights pursuant to Article 1, 25, 26 has (sic) been violated." (Doc. 1, Second Cause of Action ¶ 2)

The Third Cause of Action is as follows: "We believe and allege, the Secretary of state Pedro Cortez Commonwealth of Pennsylvania and his assistant counsel Martha Brown under color of law did state my UCC filings has (sic) been expunged by the Secretary of State on the grounds that my papers was (sic) fraud on or about October 13, 2006 therefore, in violation of title 18 usc 242. Martha Brown all so (sic) stated it was a court order from [J]udge [C]heslock 43 judicial district which we allege exceeded his judicial powers and the Secretary of State Commonwealth could not do it either. Pursuant to UCC Article 9-518(c) a correction

statement does not have any effect on the initial filing.  However, Martha Brown stated that it was pursuant to UCC Article 9 518(d) fraudulent filing of financing statement.  None of our Affidavits has been disputed and the judge cheslock has refered me as being stupid.  Therefore, plaintiff prays that our Commercial liens are enforced and damages against the Secretary of State commonwealth of Pennsylvania in the amount of million federal reserve notes and any thing else just and proper. (Doc. 1 Third Cause of Action ¶1)

He seeks damages against the Secretary of State of the Commonwealth of Pennsylvania in the amount of "million federal reserve notes and any thing else just and proper." (Doc. 1.)

## DISCUSSION

While there is no constitutional or statutory right to counsel for civil litigants, it is within the discretion of the district court to appoint counsel under § 1915(d). *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  In considering whether to appoint counsel, a court should first determine that the plaintiff's claim has some arguable merit in fact and law.  *Id.* at 457 (citing *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993)).   Once the court has assured itself that the action is sufficiently meritorious to warrant appointment of counsel, it should consider the six *Tabron* factors to determine whether or not to make the appointment:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;

>    (5) whether the case will require the testimony of expert witnesses;
>    (6) whether the plaintiff can attain and afford counsel on his or her own behalf.

*Parham v. Johnson,* 126 F.3d at 458.  This list is not exhaustive, and the decision of whether or not to appoint counsel must be made on a case-by-case basis after considering all relevant factors.  *Tabron v. Grace,* 6 F.3d at 158-59.

This cause does not appear to have arguable merit.  It is apparent the plaintiff has sought to file some sort of security interest under the Pennsylvania version of the Uniform Commercial Code.  Viewing his claim most favorably to him, it appears they were stricken from the record on the basis of orders from the Court of Common Pleas of Monroe County.  He seeks damages against the Secretary of the Commonwealth.  The complaint's allegations are incomplete and disconnected.  Plaintiff served some sort of affidavit on the Defendants NEPA Community Federal Credit Union and Oakview Terrace Condo Association which was never responded to.  Therefore he asserts a default.  The Court is unaware of any procedure where an affidavit served upon a person or entity requires a response.  Moreover, if it did, there would be a procedure to secure a default in an appropriate tribunal.

Further, the Plaintiff alleges the apparent filing of documents he thought would perfect a security interest, but Plaintiff does not describe the underlying transaction which gave rise to his right to file a security interest or lien.  This failure leaves the Court at a loss to evaluate the propriety or impropriety under federal law of any action by the Secretary of the Commonwealth.

Insofar as the conspiracy claim under 42 U.S.C.§ 1981, none of the alleged conspirators is a state actor nor implicates one.

For the foregoing reasons, there is no arguable merit to Plaintiff's claim. *Parham* at 457.

The motion for the appointment of counsel will therefore be denied.

An appropriate Order follows.


Date: February 27, 2007                    /s/ A. Richard Caputo
                                           A. Richard Caputo
                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLSWORTH PENDLETON, | : |
| | : |
|     Plaintiff, | : |
| | :   CIVIL ACTION NO. 3:CV-06-2170 |
|     vs. | : |
| | :   (JUDGE CAPUTO) |
| NEPA COMMUNITY FEDERAL | : |
| CREDIT UNION & BOARD OF | : |
| DIRECTORS, ET AL., | : |
| | : |
|     Defendants. | : |

## **ORDER**

NOW, this 27th day of February, 2007, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel is **DENIED**.

                                            /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge