# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLSWORTH PENDLETON, | |
| Plaintiff, | NO. 3:CV-06-2170 |
| v. | (JUDGE CAPUTO) |
| NEPA COMMUNITY FEDERAL CREDIT UNION & BOARD OF DIRECTORS, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are two motions. The first is a motion to dismiss filed by Defendant Secretary of State of the Commonwealth of Pennsylvania. (Doc. 9.) The second is a motion for judgment on the pleadings filed by Defendants NEPA Community Federal Credit Union and its Board of Directors. (Doc. 20.) For the reasons stated below, the Court will *sua sponte* dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), as the causes of action included therein are frivolous and devoid of merit. As a result, the present motions will be mooted.

The Court has jurisdiction over this action pursuant to Title 28 of the United States Code, Section 1331 ("federal question").

## BACKGROUND

The allegations contained in the Complaint (Doc. 1) are as follows.

On or about November, 1, 2004 Plaintiff filed a "Commercial claim tort claim"

pursuant to "13 pa C.S 9-102(b) (i)" against NEPA Community Federal Credit Union and Oakview Terrace Condo Association & its Board of Directors with the Secretary of State of the Commonwealth of Pennsylvania.[1]  (Compl., "First Cause of Action" ¶ 1.)  Plaintiff alleges that this tort was committed in the course of his business and profession.  (*Id.*)  On or about September 27, 2004, Plaintiff mailed certified copies of his "Commercial Affidavit" to Defendants on two separate occasions, and each time Defendants failed to respond.  By not answering the "Commercial Affidavit" in a timely manner, Plaintiffs allege that Defendants went into "default".  (*Id*. ¶¶ 2,3.)  Judge Jerome P. Cheslock, of the Court of Common Pleas of Monroe County, Pennsylvania, entered unconstitutional and biased orders by "derailing" Plaintiff's Commercial tort and Constitutional tort claims.  (*Id*. ¶ 4.)

Plaintiff states that Defendants NEPA Community Federal Credit Union and its Board of Directors, along with Oakview Terrace Condo. Association and its Board of Directors conspired to oppress, threaten, and intimidate Plaintiff for enforcing his constitutional rights in violation of Title 18 of the United States Code, Section 241. (Compl., "Second Cause of Action" ¶ 1.)  Plaintiff states that he has a commercial lien against two of the defendants which needs to be reduced to judgment, and that Judge Cheslock has rendered unconstitutional decisions in "expunging" these liens.  (*Id*. ¶ 2.)

Plaintiff states that Pedro Cortez, the Secretary of State of the Commonwealth of Pennsylvania, and his assistant, Martha Brown, have violated Title 18 of the United States Code, Section 242 under the color of law by expunging his Uniform Commercial

---

[1] This section does not exist in the Pennsylvania code.  Plaintiff must have intended to cite to 13 Pa. C.S.A. §9102(b), in which section the term "commercial tort claim" is defined.

Code ("UCC") filings on the grounds that the filings were fraudulent.  (Compl. "Third Cause of Action" ¶ 1.)  Martha Brown stated that the expungement was a court order from Judge Cheslock.  Plaintiff states that the expungement exceeded both Judge Cheslock's judicial powers and the powers of the Secretary of State.  (*Id.*)  Plaintiff asserts that, pursuant to UCC Article 9-518(c), a "correction statement does not have any effect on the initial filing"; however, Martha Brown stated that the expungement was pursuant to UCC Article 9-518(d) because it was a fraudulent filing of a financial statement.  (*Id.*)  None of the delivered "affidavits" have been disputed, and therefore Plaintiff prays that his liens are enforced, and that he is awarded damages against the Secretary of State in the amount of $1,000,000, and "anything else just and proper."  (*Id.*)

On November 6, 2006, Plaintiff filed a Complaint.  (Doc. 1.)  On November 14, 2006, the Court issued an Order granting Plaintiff's application to proceed *in forma pauperis*.  (Doc. 4.)  On December 22, 2006, Defendant Secretary of State of the Commonwealth of Pennsylvania filed a motion to dismiss.  (Doc. 9.)  On April 10, 2007, Defendants NEPA Community Federal Credit Union and its Board of Directors filed a motion for judgment on the pleadings.  (Doc. 20.)

These two motions are fully briefed and ripe for disposition.

**LEGAL STANDARD**

A federal court may dismiss a plaintiff's complaint, *sua sponte*, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), when the allegations of the complaint are attenuated, insubstantial, frivolous, devoid of merit,

and/or no longer open to discussion. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Thus, the Court has the inherent power to grant a dismissal based on the legal insufficiency of a claim, and may exercise this power on its own initiative. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*"). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (dismissal is proper only when the claim clearly appears to be either immaterial and solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous), *quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666-67 (1974) (some federal questions are so "insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court...."). "Moreover, dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.' " *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987), *quoting Oneida Indian Nation*, 414 U.S. at 666.

## DISCUSSION

Plaintiff's "First Cause of Action" alleges that Plaintiff filed a commercial tort claim against Defendants NEPA Community Federal Credit Union and its Board of Directors

(collectively, "Credit Union") and Oakview Terrace Condo Association and its Board of Directors (collectively, "Oakview") with the Secretary of State of the Commonwealth of Pennsylvania on or about November 1, 2004.  (Compl., "First Cause of Action" ¶ 1.)  This Count further alleges that Plaintiff, on or about September 27, 2004, twice mailed to said Defendants "Commercial Affidavits" and that Defendants failed to respond to same.  (*Id*. ¶ 2.)  Plaintiff further alleges that failure to respond to these affidavits in a timely manner caused Defendants to go into "default".  (*Id*. ¶ 3.)  The final paragraph of this Count states that this tort claim was unconstitutionally denied by Judge Jerome P. Cheslock.  (*Id*. ¶ 4.)

Judge Cheslock, on September 18, 2006, determined that the commercial tort claim filed by Plaintiff with the Secretary of State was fraudulently filed, and therefore ordered the claim expunged from the record.  Upon a notice of appeal, Judge Cheslock affirmed this holding in a statement issued on October 24, 2006 pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).  Plaintiff then appealed to the Superior Court of Pennsylvania, which affirmed Judge Cheslock's order.  Plaintiff's Petition for Allowance of Appeal to the Pennsylvania Supreme Court was thereafter denied.

Judge Cheslock's memorandum and order of September 18, 2006 is not in the record, and Judge Cheslock is not named as a party in this action.  Plaintiff makes no allegations to support his contention that Judge Cheslock's holding was unconstitutional, and this Court sees no reason to challenge the findings of the Court of Common Pleas that the Plaintiff's commercial tort claim was of a fraudulent nature.  Judge Cheslock's findings of fraud are buttressed by the subsequent state courts' affirmation thereof, which

provide *res judicata* effect herein.

Plaintiff's "Second Cause of Action" and "Third Cause of Action" allege, *inter alia*, that Defendants Credit Union and Oakview conspired to threaten and intimidate Plaintiff for exercising his constitutional rights (though these counts fail to identify which constitutional rights Plaintiff was exercising when Defendants allegedly so acted), and that the Secretary of State of the Commonwealth of Pennsylvania Pedro Cortes, and his assistant counsel Martha Brown, unlawfully expunged Plaintiff's filings.  In raising these claims, Plaintiff cites to Title 13 of the Pennsylvania Statute, Section 9102(b) (a purely definitional section), and Sections 241 and 242 of Title 18 of the United States Code, which are criminal statutes and cannot form the basis of a civil cause of action.

It is clear, therefore, that the claims contained in Plaintiff's Complaint are frivolous and devoid of merit, and that the Court is thus justified in dismissing the Complaint with prejudice for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

**CONCLUSION**

For the reasons articulated above, the Court will dismiss the Plaintiff's Complaint *sua sponte* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) as frivolous and devoid of merit.  As a result, the two motions *sub judice* will be mooted.

An appropriate Order follows.


July   26  , 2007                                             /s/ A. Richard Caputo
                                                              A. Richard Caputo
                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELLSWORTH PENDLETON, | |
| Plaintiff | NO. 3:CV-06-2170 |
| v. | (JUDGE CAPUTO) |
| NEPA COMMUNITY FEDERAL CREDIT UNION & BOARD OF DIRECTORS, et al., | |
| Defendants. | |

## ORDER

**NOW**, this  26th  day of July, 2007, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), as the claims contained therein are frivolous and devoid of merit;

(2) Defendant Secretary of State of the Commonwealth of Pennsylvania's motion to dismiss (Doc. 9) is thereby **MOOTED**;

(3) Defendants NEPA Community Federal Credit Union and its Board of Directors' motion for judgment on the pleadings (Doc. 20) is thereby **MOOTED**;

(4) The Clerk of Court shall mark this case as **CLOSED**.

 /s/ A. Richard Caputo  
 A. Richard Caputo  
 United States District Judge